UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| INTERNATIONAL BUSINESS MACHINES CORPORATION, | |
|---|---|
| Plaintiff, | 17 Civ. 5808 |
| v. | |
| JEFF S. SMITH, | |
| Defendant. | |

**PLAINTIFF IBM'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION FOR AN ORDER TO SHOW CAUSE <u>FOR LEAVE TO FILE UNDER SEAL</u>**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Robert A. Atkins
Steven C. Herzog
Pietro J. Signoracci
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

*Attorneys for Plaintiff
International Business Machines Corporation*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................................................1

I. FACTUAL BACKGROUND.........................................................................................................2

II. ARGUMENT ................................................................................................................................6

    A.    This Court Is Authorized to Seal Court Records to Protect IBM's Trade
          Secrets and Proprietary Strategic Information ..........................................................6

    B.    There Is a Compelling Interest to Protect IBM's Trade Secrets and
          Proprietary Strategic Business Information That Outweighs the Public's
          Interest in Accessing Them........................................................................................7

CONCLUSION....................................................................................................................................8

Plaintiff International Business Machines Corporation ("IBM" or the "Company") respectfully submits this memorandum of law in support of its application for an order to show cause for leave to file under seal.

## PRELIMINARY STATEMENT

Plaintiff IBM seeks a temporary restraining order, preliminary injunction and other relief against Jeff Smith, a former senior executive responsible for and exposed to some of the Company's most closely-guarded and competitively sensitive trade secrets and confidential information. After waiting only 3 of the 12 months of his agreed non-competition period, Smith intends to start competing against IBM on August 7, 2017 by joining one of IBM's major competitors, Amazon Web Services ("AWS"). By this action, IBM seeks to enforce Smith's Noncompetition Agreement by enjoining him to honor the remaining 9 months of his restricted period.

The IBM trade secrets and confidential information (the "Confidential Information") Smith intends to bring with him to AWS include plans for new products and services IBM *designed specifically to compete in the Cloud Computing business in which AWS competes directly against IBM,* which are expected to be launched in the coming year. To disclose that information in publicly filed motion papers would defeat the very purpose of IBM's motion: to protect IBM from the disclosure of those business secrets to, and the use of those business secrets by, IBM's competitors. Therefore, IBM seeks the Court's permission to submit under seal those portions of its Application for a Temporary Restraining Order and accompanying documentary evidence containing Confidential Information, and to keep confidential portions of any hearing that will contain testimony regarding or reference to the IBM Confidential Information.

1

As set forth in the accompanying declaration of Arvind Krishna, IBM's Director of Research, the papers that IBM seeks to file contain highly confidential product design and development plans, the cost, capabilities, and functions of those products in development, competitive strategies, and other financial information. Any related hearing on the injunctive relief IBM seeks also necessarily will reference such Confidential Information.

To use such Confidential Information in open court and require it to be in the public file risks precisely the damage that the restrictive covenants and nondisclosure provisions of Smith's Noncompetition Agreement is designed to prevent. IBM therefore respectfully requests that the Court enter an order allowing Confidential Information to be filed under seal and, if needed at the requested appearance before the Court, to close the courtroom and/or seal the transcript.

IBM has filed its Complaint, and now seeks permission for leave to file its Application for a Temporary Restraining Order and accompanying papers under seal. The trade secrets and confidential information at risk of disclosure could be—and, IBM submits, likely inevitably will be—disclosed by Smith while he competes against IBM during the pendency of this litigation. Accordingly, IBM respectfully submits this memorandum of law in support of its motion for permission to file under seal.

## I.

## FACTUAL BACKGROUND

Today, IBM filed its Complaint, which sets forth the broader facts of the case. Here we set forth only those facts related to IBM's application by order to show cause, based in the accompanying declaration of Arvind Krishna.

Smith joined IBM as its Chief Information Officer ("CIO") in August 2014 and was a member of the Company's executive leadership teams devising and discussing product innovation and development and corporate strategy. As a result, Smith was exposed to some of IBM's most highly confidential and competitively sensitive trade secrets and confidential information, including details about the functionality, costs, and launch time frames of certain IBM products in development. Precisely because of his exposure to highly confidential and commercially sensitive information, Smith was one of IBM's senior executives who signed a Noncompetition Agreement to restrict the potential disclosure of confidential IBM information in the event that he left the Company. *See* Krishna Decl. at ¶¶ 3–5.

This Noncompetition Agreement acknowledged that (a) "the business in which the Company is engaged is intensely competitive" (*see* Cmplt. Ex. A at § 1(c)); (b) his "employment by IBM has required . . . that [he] have access to, and knowledge of, IBM Confidential Information"[1] (*id.*); (c) "the Company would suffer irreparable harm if [he failed] to comply with [the noncompetition and the nonsolicitation covenants] or otherwise improperly disclose[d], use[d], or rel[ied] on IBM Confidential Information" (*id.* at § 3); and (d) "the restrictions set forth in [the covenants] are reasonable as to geography and duration" (*id.*).

Notwithstanding the obligations in Smith's Noncompetition Agreement, on June 13, 2017, counsel for Smith informed IBM that Smith had accepted an offer to become Vice

---

[1] The Noncompetition Agreement defines "IBM Confidential Information" as including, among other things, information about "the Company's selling, manufacturing, servicing methods and business techniques, implementation strategies . . . product information, customer and prospective customer lists, other customer and prospective customer information, client data, global strategic plans, marketing plans, information about the Company's management techniques and management strategies . . . information regarding the development status of specific Company products, assessments of the global competitive landscape of the industries in which the Company competes . . . [and] financial status and plans." (Cmplt. Ex. A § 2(d).)

3

President of AWS, one of IBM's primary competitors. The parties attempted to resolve this dispute out of the court but reached an impasse within the last week. Smith is set to begin employment with AWS on August 7, 2017, reporting directly to the CEO of AWS and serving in the executive leadership of AWS in direct competition with IBM. AWS and IBM are direct competitors in the highly competitive area of Cloud Computing, and Smith is threatening to switch sides in that competition while in possession of IBM's secret plans for competing in the Cloud Computing business in which AWS competes directly against IBM.

Today, IBM filed a Complaint for injunctive and other relief to enforce the terms of Smith's Noncompetition Agreement and to enjoin Smith from beginning at AWS before the expiration of the remaining 9 months of his restrictive period. To prove why Smith should be enjoined from beginning work at AWS, the IBM Confidential Information, including the competitive business secrets Smith knows must be referenced and discussed. In addition to IBM's Complaint, IBM intends to file its Memorandum of Law in Support of Its Application for a Temporary Restraining Order and Motion for a Preliminary Injunction, which describes in detail such IBM Confidential Information, along with accompanying declarations from counsel Pietro Signoracci, Esq. and IBM Director of Research Arvind Krishna, which also will describe in detail IBM Confidential Information and attach documents containing the IBM Confidential Information.[2] Inevitably, there will also be discussion of such Confidential Information at any hearing regarding IBM's motion for injunctive relief.

---

[2] Mr. Krishna also submitted a declaration in support of this order to show cause (the "Krishna Declaration for Order to Show Cause"). IBM does not seek for this Krishna Declaration for Order to Show Cause to be filed under seal, but rather only the declaration from Mr. Krishna that will support IBM's forthcoming Memorandum of Law in Support of IBM's Application for a Temporary Restraining Order and Motion for a Preliminary Injunction, which contains Confidential Information.

To ensure that IBM's trade secrets and proprietary information remain protected, IBM respectfully requests that this Court issue an Order allowing IBM to file under seal documents containing the Confidential Information and those portions of the preliminary injunction hearing transcript that relate to this Confidential Information, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and to close to the public those portions of the requested preliminary injunction hearing that relate to this Confidential Information. Specifically, IBM seeks by this application permission to file under seal (a) its Memorandum of Law in Support of Its Application for a Temporary Restraining Order and Motion for a Preliminary Injunction; (b) the accompanying declaration of IBM's counsel Pietro Signoracci, Esq., (c) the accompanying declaration of IBM Director of Research Arvind Krishna; and (d) any portion of the hearing, the hearing transcript, and any written or oral determination of Plaintiff's application for a temporary restraining order and motion for a preliminary injunction[3] that relates to the Confidential Information. In addition, IBM requests that the Court close to the public those portions of the requested temporary restraining order and preliminary injunction hearing that relate to the Confidential Information, and enter a Protective Order concerning the exchange of Confidential Information in this action.

On July 31, 2017, counsel for IBM advised Max Garfield of Schulte Roth & Zabel LLP, counsel for Smith, that IBM would seek an order from this Court on August 1, 2017, to seek permission to file under seal. (Signoracci Decl. ¶ 10.) Counsel for Smith did not consent to IBM filing its papers under seal. (*Id.*)

---

[3] Although IBM seeks to seal the Confidential Information from public consumption, IBM will sign an Outside Counsel Attorney's Eyes Only confidentiality agreement to allow Mr. Smith's counsel to view and use the Confidential Information, and to permit Mr. Smith to be present for any discussion of Confidential Information.

5

## II.

## ARGUMENT

A. **This Court Is Authorized to Seal Court Records to Protect IBM's Trade Secrets and Proprietary Strategic Information**

Federal Rule of Civil Procedure 26(c) provides that the Court, "for good cause shown . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). According to the Supreme Court, "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Rule 26(c)(1)(G) recognizes that protection of "trade secret or other confidential research, development, or commercial information" constitutes "good cause" and is worthy of a protective order. This rule has been interpreted to protect from disclosure, to the public or other parties, material that would harm the disclosing party by placing it at a commercial disadvantage. Moore's Federal Practice 3d. § 26.105(8)(a); *see Gelb v. Am. Tel. & Tel. Co.*, 813 F.Supp. 1022, 1035 (S.D.N.Y. 1993) (courts may deny public access to records that are sources of business information that might harm a litigant's competitive standing).

This Court may seal court records and thus shield them from public view upon a showing of "good cause." Fed R. Civ. P. 26(c). To demonstrate "good cause" under Rule 26(c)(1)(G), the party seeking the protective order must show that the information sought is a trade secret or other confidential information and that the harm caused by its disclosure outweighs the public interest in accessing the documents. *See Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 72 (S.D.N.Y. 2010).

Corporate strategies, costs, and details about new products have been widely recognized as "confidential business information" under Rule 26(c)(1)(G) warranting a protective order. *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (marketing strategies, product development, costs and budgeting); *Brookdale Univ. Hosp. and Med. Ctr. v. Health Ins. Plan of Greater N.Y.*, No. 07-CV-1471, 2008 WL 4541014, at *1 (E.D.N.Y. Oct. 7, 2008) (financial data and plans, strategic or long-range plans, internal cost and revenue data); *Gelb v. Am. Tel. & Tel. Co.*, 813 F.Supp. 1022, 1035 (S.D.N.Y. 1993) (internal business strategies and financial information).

B. **There Is a Compelling Interest to Protect IBM's Trade Secrets and Proprietary Strategic Business Information That Outweighs the Public's Interest in Accessing Them**

This Court should order that the Confidential Information be sealed because it contains IBM trade secrets and highly confidential, non-public information concerning IBM's present and future business strategies and financial information. Only filing under seal will protect IBM's trade secrets and other highly confidential and/or proprietary information from disclosure in the public domain. Revelation of the contents of the Confidential Information will irreparably impact IBM's financial and competitive standing, whereas there is no compelling public interest in this private dispute. IBM has demonstrated good cause, and a compelling need, to seal the Confidential Information. AWS itself has requested that similar information be sealed when it sued its own former employees. *See, e.g., Amazon.com, Inc. v. Szabadi*, No. 14-2-181167-ISEA, Dkt. Nos. 38 & 47 (Wa. Sup. Ct. King Cn'ty 2014); *Amazon.com, Inc. v. Farrell*, 17-2-15056-8 SEA, Dkt. No. 25 (Wa. Sup. Ct. King Cn'ty 2017). This Court should thus issue a sealing Order as it pertains to these materials.

Furthermore, because the Confidential Information relates to business strategies and internal IBM financial information, there is no harm to the public interest in sealing this

7

information. Given the irreparable harm that Smith agreed would ensue from the exposure of IBM's trade secrets and other highly sensitive proprietary information, the balancing of the public's interest in accessing the Confidential Information versus the severe harm in disclosing them weighs heavily in favor of sealing the documents.

## CONCLUSION

For the foregoing reasons, this Court should grant IBM's motion and issue an Order (1) granting IBM leave to file its Application for a Temporary Restraining Order and Motion for a Preliminary Injunction and accompanying papers under seal, (2) sealing Confidential Information and the portions of the preliminary injunction hearing related to the Confidential Information, and (3) closing to the public those portions of the preliminary injunction hearing related to the Confidential Information.

Dated: New York, New York
July 31, 2017

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: _____
Robert A. Atkins
Steven C. Herzog
Pietro J. Signoracci
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
ratkins@paulweiss.com
sherzog@paulweiss.com
psignoracci@paulweiss.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*