UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>                  Plaintiff,<br><br>v.<br><br>JEFF S. SMITH,<br><br>                  Defendant. | 17 Civ. 5808 |

**DECLARATION OF PIETRO J. SIGNORACCI IN SUPPORT OF INTERNATIONAL BUSINESS MACHINES CORPORATION'S APPLICATION FOR A TEMPORATY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION**

Pietro J. Signoracci declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am admitted to practice before this Court and am associated with the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, attorneys for Plaintiff International Business Machines Corporation ("IBM") in this action. As such, I am personally familiar with the facts set forth herein. I respectfully submit this declaration in support of IBM's motion for a preliminary injunction and a temporary restraining order.

2. Attached as **Exhibit 1** is a true and correct copy of the Complaint in this action.

3. Attached as **Exhibit 2** is a true and correct copy of the Declaration of Arvind Krishna, executed on July 31, 2017.

1

4. As alleged in the Complaint, the purpose of this litigation is to enjoin Defendant Jeff S. Smith, who was a senior executive at IBM until his resignation effective May 2, 2017, from violating his fiduciary and contractual obligations to IBM.

5. On March 28, 2017, Mr. Smith informed IBM that he intended to accept an offer to join AWS as Vice President, reporting directly to AWS's CEO. IBM learned that Mr. Smith intended to commence employment with AWS on April 24, 2017. As a result of conversations among counsel, Mr. Smith decided to resign from IBM effective May 5, 2017, without accepting AWS's offer of employment. Mr. Smith informed IBM that he would pursue other opportunities, including offers he had received to join the boards of, and potentially receive employment from, companies that did not compete against IBM. Shortly after his resignation, Mr. Smith informed IBM that he had been offered a consulting role at a non-competitor, ANZ Bank. IBM approved Mr. Smith's acceptance of this offer.

6. Mr. Smith gave notice to IBM on June 13, 2017 that he had accepted employment with Amazon Web Services ("AWS"). Mr. Smith stated that he intended to commence employment with AWS on August 7, 2017.

7. IBM, together with its counsel, conducted a review of Mr. Smith's IBM server mail. Attached as **Exhibits 3** through **12** are true and correct copies of certain of Mr. Smith's IBM emails.

8. IBM, together with its counsel, collected Mr. Smith's work-issued electronic devices and performed forensic review on those devices. This review revealed that, before returning his work-issued phone and tablet computer, Mr. Smith had wiped each device of all data, making it impossible for IBM to determine whether Mr. Smith

had downloaded or transferred any IBM confidential information from those devices to other locations.

9. On June 15, 2017, counsel for IBM made a written request to Mr. Smith's counsel, Ronald Richman and Max Garfield of Schulte Roth & Zabel LLP, for information regarding Mr. Smith's proposed role at AWS. Over the course of the next few weeks, counsel for IBM, counsel for Mr. Smith, and counsel for AWS (Sarah Bouchard at Morgan Lewis & Bockius LLP) participated in discussions regarding a potential resolution of this matter outside of court.

10. On July 5, 2017, IBM delivered to counsel for Mr. Smith a proposed confidentiality agreement to cover settlement discussions. On July 6, 2017, counsel for Mr. Smith returned a signed confidentiality agreement. On July 14, 2017, Mr. Smith's counsel delivered to IBM a written description of Mr. Smith's proposed role at AWS (in response to IBM's request of June 15, 2017). On July 17, 2017, counsel for IBM and counsel for Mr. Smith met to discuss potential resolution of the matter.

11. On Friday, July 21, counsel for IBM, counsel for Mr. Smith, and counsel for AWS had a telephone conference to discuss potential resolution of the matter. On Monday, July 24, counsel for IBM requested additional information from counsel for AWS and counsel for Mr. Smith. On Saturday, July 29, 2017 IBM received in response a written proposal for a resolution of this matter from counsel for AWS and counsel for Mr. Smith.

12. On Monday, July 31, 2017, at 1:30 pm, counsel for IBM, counsel for Mr. Smith, and counsel for AWS had a telephone conference continuing discussions

for a potential resolution of this matter. At the end of that conference call, counsel for IBM stated that the parties appeared to have reached an impasse.

13. At 4:37 pm on Monday, July 31, 2017, I called Ronald Richman of Schulte Roth & Zabel LLP, counsel for Mr. Smith. Mr. Richman was unavailable, and his assistant informed me that he would call me back. At 4:54 pm on the same day, Max Garfield of Schulte Roth & Zabel LLP, counsel for Mr. Smith, returned my call. I informed him that IBM would seek a temporary restraining order and preliminary injunction from this Court at 9:00 am on Tuesday, August 1, 2017, to enjoin Mr. Smith from violating his fiduciary and contractual obligations to IBM.

14. To my knowledge, no prior application for this or similar relief has been made in this or any other action.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Pietro J. Signoracci

Executed on July 31, 2017
New York, New York