# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K GARRISON (1946-1991)
RANDOLPH E PAUL (1946-1956)
SIMON H RIFKIND (1950-1995)
LOUIS S WEISS (1927-1950)
JOHN F WHARTON (1927-1977)

WRITER S DIRECT DIAL NUMBER

(212) 373-3183

WRITER S DIRECT FACSIMILE

(212) 492-0183

WRITER S DIRECT E-MAIL ADDRESS

ratkins@paulweiss.com

UNIT 3601 OFFICE TOWER A BEIJING FORTUNE PLAZA
NO 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR HONG KONG CLUB BUILDING
3A CHATER ROAD CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU TOKYO 100-0011 JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST SUITE 3100
PO BOX 226
TORONTO ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET NW
WASHINGTON DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE SUITE 200
POST OFFICE BOX 32
WILMINGTON DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W ABBOTT
EDWARD T ACKERMAN
ALLAN J ARFFA
ROBERT A ATKINS
DAVID J BALL
JOHN F BAUGHMAN
LYNN B BAYARD
DANIEL J BELLER
CRAIG A BENSON
MITCHELL L BERG
MARK S BERGMAN
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L BROCHIN
RICHARD J BRONSTEIN
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL*
JESSICA S CAREY
JEANETTE K CHAN
YVONNE Y F CHAN
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHRISTOPHER J CUMMINGS
CHARLES E DAVIDOW
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
ALICE BELISLE EATON
ANDREW J EHRLICH
GREGORY A EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ROSS A FIELDSTON
ANDREW C FINCH
BRAD J FINKELSTEIN
BRIAN P FINNEGAN
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
HARRIS B FREIDUS
MANUEL S FREY
ANDREW L GAINES
KENNETH A GALLO
MICHAEL E GERTZMAN
ADAM M GIVERTZ
SALVATORE GOGLIORMELLA
ROBERT D GOLDBAUM
NEIL GOLDMAN
CATHERINE L GOODALL
ERIC GOODISON
CHARLES H GOOGE JR
ANDREW G GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A GUTENPLAN
GAINES GWATHMEY III
ALAN S HALPERIN
JUSTIN G HAMILL
CLAUDIA HAMMERMAN
GERARD E HARPER
BRIAN S HERMANN
MICHELE HIRSHMAN
MICHAEL S HONG
DAVID S HUNTINGTON
AMRAN HUSSEIN
LORETTA A IPPOLITO
BRIAN M JANSON
JAREN JANGHORBANI
MEREDITH J KANE

ROBERTA A KAPLAN
BRAD S KARP
PATRICK N KARSNITZ
JOHN C KENNEDY
BRIAN KIM
ALAN W KORNBERG
DANIEL J KRAMER
DAVID K I AKHOHIR
STEPHEN P LAMB*
JOHN E LANGE
DANIEL J LEFFELL
XIAOYU GREG LIU
JEFFREY D MARELL
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
ELIZABETH R MCCOLM
MARK F MENDELSOHN
WILLIAM B MICHAEL
TOBY S MYERSON
CATHERINE NYARADY
JANE B O BRIEN
ALEX YOUNG K OH
BRAD R OKUN
KELLEY D PARKER
MARC E PERLMUTTER
VALERIE E RADWANER
CARL L REISNER
LORIN L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
JACQUELINE P RUBIN
RAPHAEL M RUSSO
ELIZABETH M SACKSTEDER
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JOHN M SCOTT
STEPHEN J SHIMSHAK
DAVID R SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
AUDRA J SOLOWAY
SCOTT M SONTAG
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F TARNOFSKY
MONICA K THURMOND
DANIEL J TOAL
LIZA M VELAZQUEZ
MARIA T VULLO
ALEXANDRA M WALSH*
LAWRENCE G WEE
THEODORE V WELLS JR
BETH A WILKINSON
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
MARK R WLAZLO
JULIA MASON WOOD
JENNIFER H WU
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
TAURIE M ZEITZER
T ROBERT ZOCHOWSKI, JR

*NOT ADMITTED TO THE NEW YORK BAR

August 7, 2017

**By ECF**

The Honorable Paul E. Davison
United States Magistrate Judge
The Honorable Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

    *International Business Machines Corporation* v. *Jeff S. Smith*, No. 17 Civ. 5808

Dear Judge Davison:

    We represent Plaintiff International Business Machines Corporation ("IBM"). IBM commenced this action to prevent Defendant Jeff Smith, a former senior executive of IBM, from violating his agreement not to work for a competitor for twelve months after leaving IBM. Last week, IBM moved for a preliminary injunction to stop Smith from becoming Vice President of Amazon Web Services ("AWS"), one of IBM's main rivals in Cloud Computing, for the remaining nine months of his noncompetition agreement. On Tuesday, Judge Seibel issued a temporary restraining order and scheduled a preliminary injunction hearing to begin on August 21. On Wednesday, the parties conferred on expedited deposition and document discovery and were, for a short time, cooperating on the scheduling of depositions before the injunction hearing.

    On Friday, however, for no reason known to us, Smith did an abrupt about-face by advising us that he would refuse to make *any* witnesses available for depositions before the hearing—including one of his principal witnesses, the CEO of AWS and his direct supervisor at AWS, Andrew Jassy. This was only two days after

Smith's counsel volunteered that Mr. Jassy would be available for deposition, though only until August 9. It was also one day after IBM accommodated Mr. Jassy's tight schedule by agreeing to depose him (in Seattle) on August 9 (this Wednesday.)

After counsel raised this dispute with the Court on Friday, Smith offered to present Mr. Jassy on Wednesday, but only for two hours. As that is inadequate for such an important witness, we declined. In retaliation, Smith refused to accept service of a subpoena for Mr. Jassy, who we served later on Friday. After service had already been achieved, Smith did another turn-around Friday night and agreed to accept service—but again refused to make Mr. Jassy available for deposition.

In a final attempt at compromise, on Sunday IBM offered to limit Mr. Jassy's deposition to five hours on the record, provided that Smith was prepared to do the same for the two IBM witnesses he has sought to depose. We received no response.

As discussed below, Smith's excuses for his sudden obstructionism are fabricated and pre-textual. We respectfully request that the Court order that IBM may depose Mr. Jassy, on Wednesday, for the time provided in the Federal Rules.

**Factual Background**

From 2014 until May 5, 2017, Jeff Smith was a senior executive and Chief Information Officer of IBM. In that role, Smith was privy to highly confidential trade secrets, including some of IBM's most significant product development plans, and was a member of two committees of high-ranking IBM executives responsible for developing and implementing IBM's corporate strategies. Because his position exposed him to competitively sensitive information, Smith signed a noncompetition agreement barring him from working for an IBM competitor for twelve months after departing IBM.

While serving as one of IBM's senior executives and the company's Chief Information Officer, Smith corresponded by private (non-IBM) email with Mr. Jassy, the CEO of one of IBM's biggest competitors. Smith ingratiated himself to Mr. Jassy, and Mr. Jassy, in turn, recruited Smith to leave IBM and work directly for him at AWS.

On May 5, 2017, Smith resigned from IBM, and on June 9, 2017, Smith, through counsel, informed IBM that he had accepted an offer of employment with AWS that would commence on August 7, 2017. IBM has since learned that Smith will be a Vice President and senior leader at AWS, and that he will report directly to Mr. Jassy.

On August 1, 2017, IBM filed this action seeking to enforce Smith's noncompetition agreement, and sought a temporary restraining order barring Smith from beginning work at AWS. After a hearing last Tuesday, Judge Seibel entered the requested order subject to limited carve-outs, scheduled the preliminary injunction hearing for August 21 and 24, and directed the parties to submit written testimony for any witness they intended to present, along with proposed findings of fact and conclusions of

law, by August 14. At the August 1 hearing, both parties agreed to cooperate on expedited discovery in advance of the August 21 injunction hearing.

### The Parties Agree to Expedited Depositions

Consistent with that agreement, the parties conferred last Wednesday, August 2, to discuss logistics and agreed that they would exchange document requests later that day and that each side would endeavor to produce documents by August 8. We indicated that IBM would seek documents from AWS, Smith's new employer. In response, Smith's counsel, including Morgan Lewis, which represents both Smith and AWS, told us that they were authorized to accept service of a subpoena to AWS and that AWS would endeavor to produce documents on the agreed-upon schedule. Later that day, IBM sent Smith's counsel a subpoena directed to AWS via email. Smith's counsel thereafter advised us that AWS "wants to cooperate and will endeavor to perform a search and produce on an expedited and voluntary basis." (*See* Ex. A.)

During the same August 2 call, the parties agreed to exchange lists of intended witnesses for the hearing on August 4 (last Friday). Smith's counsel stated, subject to supplementation, that they wished to depose three IBM executives: Arvind Krishna, IBM's declarant in support of its motion for a TRO; Jim Kavanaugh, Smith's direct supervisor at IBM; and Fletcher Previn, who replaced Smith as IBM's Chief Information Officer. We agreed, but reiterated—as we had informed the Court at the TRO hearing—that Mr. Krishna was out of the country until August 11.

As for Smith's witnesses, we stated IBM's intention to depose Smith and others, including any witnesses whose written direct testimony Smith intended to submit. In response, Smith's counsel stated that if we intended to depose Mr. Jassy, we would need to do so *before* August 10 because he would be out of the country from August 10 through August 20 (the day before the injunction hearing.)

On Thursday, we told Smith's counsel that we were prepared to accommodate Mr. Jassy and take his deposition in Seattle on August 9. Even though IBM would be disadvantaged by not seeing any of Smith's witness affidavits (including Mr. Jassy's) until August 14, we were (and are) prepared to depose Mr. Jassy on Wednesday to work around his travel schedule and keep things moving.

With respect to the IBM deponents, we advised Smith that, just like Mr. Jassy, Mr. Kavanaugh would be traveling for much of the next two weeks before the hearing (August 9 to August 19), so we would make him available for deposition on Tuesday, August 8. As for Mr. Krishna, Smith asked to depose him on Friday, August 11, but since Mr. Krishna will be traveling back from abroad on August 11, we offered to produce Mr. Krishna that weekend. We also noted that Mr. Krishna would be available for deposition during the following week, after submission of written testimony on August 14. (*Id.*)

### Smith Asks to Change the Schedule

Just before 7:00 p.m. on August 3 (Thursday), Smith's counsel sent us an email stating that IBM's proposed dates were not "workable" and that Smith and his counsel were "also facing some scheduling issues on [their] end as well." (*See* Ex. B.) Smith's counsel proposed that the parties jointly request that the Court move the dates for the hearing on the injunction to the first week of September. (*Id.*) Smith's counsel did not indicate that Mr. Jassy could or would no longer sit for a deposition on August 9.

On August 4 (Friday), we responded that IBM would be willing to move the hearing dates to September, but with one condition. Planning on an August 21 hearing, Judge Seibel permitted Smith to begin at AWS on August 7 in a "listen and learn" mode only. ECF No. 6. Thus, we proposed that if the hearing were to be moved, Smith's "listen and learn" period should be limited to seven days before the hearing—though he could remain on the payroll at AWS for the entire period from August 7 until the injunction hearing. We also requested that Smith confirm that he would not make any public postings about his intention to join AWS, as he had previously done when updating his online "LinkedIn" profile on August 2 to identify himself as a "Leader" of AWS, in violation of the TRO. Smith declined our proposal.

We were expecting on Friday that Smith would raise with the Court his request to adjust the schedule. But for our disagreement about the length of Smith's "listen and learn" period, IBM had no objection to moving the hearing date. When we did not hear anything further from Smith's counsel on Friday, we wrote to confirm the depositions for IBM's Kavanaugh (Tuesday) and AWS's Jassy (Wednesday.)

### Smith Declares There Will Be No Depositions

In an abrupt change of direction (and tone), Smith's counsel responded that they were "disappointed" with the proposed deposition dates for IBM's witnesses and that Smith would "not be offering any of [his] witnesses for depositions." (*See* Ex. C.) Smith's counsel also backed out of the agreement to exchange lists of intended witnesses for the hearing. (*Id.*)

In an effort to resolve this issue, we spoke with Smith's counsel later Friday afternoon to ask what had prompted Smith's unwillingness to produce witnesses for depositions and whether Mr. Jassy was no longer available on August 9. Smith's counsel told us that they were unwilling to make Mr. Jassy available because of what they characterized as IBM's unwillingness to cooperate on the scheduling of depositions, specifically citing the inability of IBM to provide its declarant (Mr. Krishna) before the August 14 pre-hearing submissions, and arguing that IBM was obligated to do so.

We had already made clear at the TRO hearing that Mr. Krishna was unavailable this week, which at the time prompted the Court to state that his absence would be a problem if the injunction *hearing* were scheduled for this week. Once the parties agreed to schedule the injunction hearing for August 21, however, that concern

was resolved; indeed, Smith's counsel acknowledged that the later date "*would give Mr. Atkins's witness time to enjoy his vacation and get back.*" (Ex. E. (emphasis added).)

Nor is there a reason Mr. Krishna absolutely has to be made available before August 14. In fact, it is more sensible for him to be deposed after written testimony is submitted, which is why IBM has noticed the deposition of Smith for August 17. Regardless, in an attempt to accommodate Smith's demand, we agreed to make Mr. Krishna available on over the weekend. If that does not work, and Smith can make a compelling argument that Mr. Krishna—unlike every other affiant—must be deposed before proposed findings of fact and conclusions of law are due August 14, the solution was to ask the Court for more time to make those submissions, not to unilaterally declare that no depositions would take place at all.

## The Jassy Deposition Subpoena

During this same conversation on Friday afternoon, Smith's counsel also told us that they were not willing to accept service of a deposition subpoena for Mr. Jassy. We informed Smith's counsel that, as a result, we would serve a subpoena on Mr. Jassy and seek the Court's assistance. We then consulted with Your Honor's chambers, and we were instructed to file a letter this morning setting out the dispute, and also that the Court would contact Smith's counsel to provide the same instruction.

Shortly thereafter, late Friday afternoon, Smith's counsel requested that we wait one hour before attempting to serve Mr. Jassy, and that within that time they would propose a "creative solution." We waited. Approximately one hour later, Smith's counsel proposed that: (a) Smith would provide Mr. Jassy's direct written testimony on August 8, (b) Mr. Jassy would sit for a deposition *limited to two hours* at his office in Seattle on August 9, and (c) the parties agree that the direct and deposition testimony could be used in lieu of Mr. Jassy's appearance in person at the upcoming hearing.

In response, we explained that two hours would not be sufficient as Mr. Jassy is a significant witness, especially in light of learning that he would be offering written direct testimony. (We also did not agree that he would not need to appear at the hearing.) No reason was provided for making us fly to Seattle on extremely short notice to be given only two hours with this central witness. But Smith's counsel did not budge, and reiterated their refusal to accept service of a subpoena for Mr. Jassy.

Therefore, we advised that we would serve Mr. Jassy in the normal course, which we did at 5:45 p.m. (Pacific time), 8:45 p.m. (Eastern time.) Even though we had no other choice, particularly with Mr. Jassy absenting himself from August 10 to August 20, Smith's counsel sent an email at 8:50 p.m. (Eastern time) accusing us of "harassing" Mr. Jassy and—after the subpoena had already been served—finally agreeing to accept service of a subpoena. Smith's counsel did not, however, indicate whether Mr. Jassy would appear for a full deposition (or at all) on August 9 (or any date.) (*See* Ex. D.)

On Sunday, August 6, we wrote to Smith's counsel with an offer to limit Mr. Jassy's deposition to five hours on the record, and to accommodate his schedule as necessary on August 9, provided that Smith agree to extend the same courtesy to the two IBM executives he intends to depose: Messrs. Kavanaugh and Krishna. We requested a response by 9:30 a.m. today, but received none as of this filing.

### Argument

As of today, only two weeks remain before the preliminary injunction hearing before Judge Seibel. There is much work to be done between now and then. But, no depositions have been scheduled and none can be scheduled in light of Smith's stated unwillingness to schedule any. To date, the only explanation Smith has proffered for his refusal to engage with us is IBM's supposed unwillingness to cooperate. But that is false: IBM has agreed to provide every witness Smith has requested in time for the hearing, one this week (Kavanaugh), and another over the upcoming weekend or the following week (Krishna.) Smith has not even asked for a date for the third (Previn.)

Both parties are operating under the same very tight time constraints, and are doing so during a time when many people are out of town. Mr. Jassy is available only early this week and then, we have been told, will be away until the date before the hearing on August 21. Mr. Kavanaugh has nearly the same travel schedule, which is why we immediately informed Smith when he asked to depose Mr. Kavanaugh, and offered to present him on Tuesday. And, as we told the Court, Mr. Krishna is away now but will be back in time to be deposed well before the hearing begins on August 21.

These circumstances are not ideal, but all the witnesses will be made available for deposition and the parties have to cooperate—just as they understood and agreed during and after last week's TRO hearing, and just as we have done with respect to Mr. Jassy's schedule. Smith did not learn anything new from the time he agreed to cooperate until the time he refused to make witnesses available for depositions. He simply changed his mind on Friday. That is not a sufficient reason to obstruct the discovery process. As such, Smith should be directed to abide by the parties' prior agreement to cooperate on discovery and to proceed with the scheduling of depositions on the dates available.

In addition, and of more immediate concern, Mr. Jassy should be made available for a deposition on August 9—and with no unreasonable conditions. We have already acquiesced to his scheduling needs (this Wednesday) and location (Seattle.) We have also offered to compromise by agreeing to shorten the depositions of all senior executive witnesses, including Mr. Jassy, to a reasonable five-hour period. The two-hour limitation Smith continues to demand, however, is contrary to the rules and unreasonable.

Mr. Jassy is a central witness, which is why counsel for Smith offered to schedule his deposition on the parties' very first discovery conference call on Wednesday. He also apparently intends to offer written direct testimony in opposition to IBM's motion. That is no surprise, as Mr. Jassy appears to be the person responsible for

hiring Smith and, as counsel has confirmed, will be Smith's direct supervisor. Mr. Jassy is a witness (probably, the main witness) to Smith's communications with AWS about why he was recruited and what he will be doing at AWS—the single most important issue in the case. Given the undeniable IBM trade secrets Smith would be taking with him, his primary defense is that AWS (*i e.*, Mr. Jassy) has "narrowed" his job responsibilities so that he will not need to use IBM's trade secrets, even inadvertently. Thus, the exact nature and full scope of Smith's expected duties as Vice President of AWS is crucial, and Mr. Jassy is the witness to that. He also is a key witness to the competition between IBM and AWS, the relevance and value of IBM's trade secrets to AWS, and of course his private email exchanges with Smith while Smith was still an IBM executive.

Even if Smith was not planning to call Mr. Jassy as a witness, his deposition would be important. But Smith's willingness, *at the start*, to offer dates for Mr. Jassy's deposition, and his intention to present Mr. Jassy as a witness, demonstrate that Mr. Jassy is not a peripheral or reluctant witness for whom two hours might suffice. Like Smith himself, Mr. Jassy is a central witness and IBM is entitled to a full deposition.

IBM certainly should not be deprived of its right to a full deposition of Mr. Jassy, as it would have pursued via subpoena immediately had Smith and his counsel not indicated a willingness to voluntarily cooperate. Between the hearing on August 1 and Smith's August 4 pronouncement that he did not intend to participate in *any* depositions in advance of the August 21 hearing, Smith's counsel, on behalf of both Smith and AWS, (a) agreed to accept service of a document subpoena on AWS, (b) informed us of Mr. Jassy's schedule and availability for a deposition, (c) agreed to exchange the names of proposed witnesses for the hearing, (d) confirmed that Mr. Jassy was Smith's intended direct report at AWS in the proposed role described at the August 1 hearing, (e) received notice of IBM's intention to depose Mr. Jassy on August 9, and (f) sought an agreement to extend the current schedule to address their own purported scheduling problems. At no time did counsel for Smith indicate that Mr. Jassy would resist an effort to depose him, or condition his appearance upon concessions from IBM. Having taken the above representations at face value, IBM should not now be forced to accept last-minute conditions or restrictions.

If Smith has legitimate and compelling concerns regarding the schedule ordered by the Court, IBM remains willing to listen and cooperate. Nothing we have heard so far, however, justifies the unilateral cessation of depositions declared by Smith on Friday afternoon, or the unduly restrictive and prejudicial conditions sought to be imposed on Mr. Jassy's deposition.

                                        Respectfully submitted,

                                        Robert A. Atkins

cc (by ECF): Counsel of Record