# Morgan Lewis

**Sarah E. Bouchard**
Partner
+1.215.963.5077
sarah.bouchard@morganlewis.com

August 9, 2017

**VIA ELECTRONIC MAIL**

Honorable Paul E. Davison
United States Magistrate Judge
The Hon. Charles L. Brieant Jr.
Federal Building and U.S. Courthouse
Courtroom 420
300 Quarropas Street
White Plains, NY  10601-4150

Re:     International Business Machines Corporation v. Jeff S. Smith
        Case No. 17-cv-5808 (CS) (PED) (S.D.N.Y.)

Dear Judge Davison:

As a follow up to the conference with the Court on Monday, August 7, Mr. Smith provided Plaintiff's counsel with the attached disclosures for Bernard Golden, the expert who Mr. Smith has retained to provide testimony in this case.  Mr. Golden's timely disclosures provide a comprehensive picture of his work experience, all of his consulting clients, and written publications spanning the past decade.  Notwithstanding his disclosures, IBM continues to refuse Mr. Golden access to documents pertinent to key issues in this case, including whether the information in the restricted documents is even confidential or would be inevitably disclosed by Mr. Smith in the performance of his job responsibilities at Amazon Web Services ("AWS").

Time is of the essence given the August 21 Preliminary Injunction hearing.  Providing Mr. Golden access to the supposedly confidential documents pursuant to a non-disclosure agreement poses no risk to IBM, and the Court should allow Mr. Golden access to the documents in question.

While IBM initially argued that Mr. Golden is somehow conflicted due to his experience in the specific industry for which he is being proffered as an expert, such an argument lacks any merit. If IBM is serious about that argument, it can challenge Mr. Golden's credentials or opinion at the hearing and Judge Seibel will rule on whether Mr. Golden's report and testimony will be admitted as evidence.  In the meantime, there is no basis to deny Mr. Golden access to the information and documents needed to evaluate IBM's claims.  While IBM seems to have some concern because Mr. Golden has experience in the field, it is precisely that experience that makes him a qualified expert.

Mr. Golden is an independent writer and trusted advisor in the cloud space.  He has worked for various clients, educational institutions, and publishers.  His disclosures make clear that he is not

**Morgan, Lewis & Bockius LLP**

1701 Market Street
Philadelphia, PA  19103-2921       **T** +1.215.963.5000
United States                       **F** +1.215.963.5001

Honorable Paul E. Davison
August 9, 2017
Page 2

beholden to AWS or any other major competitor or potential IBM customer in the cloud space. He has never before received compensation from AWS. Even when writing his book concerning AWS, Mr. Golden received no cooperation from AWS. Yet, upon receiving Mr. Golden's timely and comprehensive disclosures that recount this information, IBM's current objections fail to indicate specifically how Mr. Golden's list of all of his clients or disclosures are in any way insufficient. Nor has IBM identified with any specificity even a single document that, if in the hands of Mr. Golden, will cause IBM any harm.

Moreover, IBM's demand is certainly not supported by Rule 26(a)(2)(B)(iv), which requires only the disclosure of an expert's qualifications, past testimony and publications, as opposed to a formal *curriculum vitae.* And of course, IBM will have ample opportunity to question Mr. Golden about his credentials and experience at a deposition if it has any concerns about the information provided to date.

As we stated on Monday, without the full use of an expert witness, Mr. Smith is unable to defend himself against IBM's vague allegations that Mr. Smith was privy to what IBM considers confidential and trade secret information. IBM continues to use generalities in defining its trade secrets, and claims protection of such information when most of the information is in the public domain. Mr. Smith is confident that Mr. Golden will be able to opine that most of the information is not confidential, after a review of IBM's documents.

Moreover, IBM is deliberately disarming Mr. Smith from defending himself. Judge Seibel stated at the TRO Hearing her need for the parties to explain in plain English what was contained in the documents. Mr. Golden is immensely qualified to do that, assuming he can review them. Mr. Smith does not want to refresh his recollection on documents that he has not seen from nine months to a year ago – and which IBM contends are confidential. AWS, his new employer, certainly cannot and does not want to review the documents. In similar situations, courts have considered an expert witness necessary where such specialized testimony will assist the fact finder in understanding technical jargon and determining whether the at-issue information is truly proprietary. Bellis v. Tokio Marine & Fire Ins. Co., No. 93-cv-6549 (DAB), 2006 WL 648013, at *3 (S.D.N.Y. Mar. 14, 2006) (denying in part the defendants' motion to preclude the expert witness and providing that "an expert witness must have such skill, knowledge, or experience in his field as to make it appear that his opinion will 'assist the trier of fact' to understand the evidence or determine a fact in issue . . . [and d]oubts about whether an expert's testimony will be useful should generally be resolved in favor of admissibility"); LNC Investments, Inc. v. First Fid. Bank, No. 92-cv-7584 CSH, 2000 WL 1024717, at *5 (S.D.N.Y. July 25, 2000) (denying the defendants' motion to preclude the testimony of an expert witness where the "need for expert opinion in the case at bar is equally apparent" to assist the fact finder in understanding the "complex and specialized setting" of the parties' industry); see also Kraft Foods Glob., Inc. v. Dairilean, Inc., No. 10-cv-8006, 2011 WL 1557881, at *3 (N.D. Ill. Apr. 25, 2011) (acknowledging that "the balance of the harms would likely weigh in favor of allowing [defendant's expert] to review the documents" where the defendant "ha[d] demonstrated that its defense of this case will be significantly hindered if [its expert witness] is not able to prepare a comprehensive expert report" through a review of the confidential documents).

IBM's refusal to allow Mr. Golden to see the very documents and information at issue in this case also makes it difficult for Mr. Smith to generate complete Proposed Findings of Fact and Conclusions of Law report required by the Court by August 14. It is critical that this issue be resolved quickly so that Mr. Golden can complete his work. So that there is no confusion, Mr. Golden only needs to review documents relating to the categories of confidential information IBM

Honorable Paul E. Davison
August 9, 2017
Page 3

listed in its Complaint, and does not need to review emails and other documents concerning IBM's internal disagreements relating to its cloud strategy.

Mr. Smith respectfully requests Your Honor to direct that IBM allow him to show documents designated as confidential to Mr. Golden as an expert witness so that he can launch a full and fair defense against IBM's baseless accusations.  Mr. Golden is willing to sign a non-disclosure agreement.  Although Mr. Golden resides on the West Coast, Mr. Golden is fully willing to participate in a telephonic conference in the event Your Honor has any questions about Mr. Golden's background and commitment to preserving the parties' confidences.

Respectfully,

Sarah E. Bouchard

SEB/pme

Enclosure

c:      All Counsel of Record

**From:** Laufer, Gregory [mailto:glaufer@paulweiss.com]
**Sent:** Wednesday, August 09, 2017 1:14 PM
**To:** Bouchard, Sarah E.; Signoracci, Pietro J; Herzog, Steven C; Filburn, Christopher L
**Cc:** Banks, Michael L.; Rosenblatt, Richard G.; Brigham, Brandon J.; Rosenblatt, Richard G.; Garfield, Max; Richman, Ronald
**Subject:** RE: Discovery and Witness Exchange

Hi Sarah,

My email to you recited what you and your colleague told the Court you would do in light of the Court's directive, and then explained how what you agreed to do was not consistent with the information you provided to us after the conference. The email used neutral, tempered language. It was in no way hostile.

With respect to Mr. Golden, IBM objects to your sharing confidential information with him for the reasons stated, including without limitation the fact that Mr. Golden currently does work for Google in the Cloud computing space.

Best,

Greg


**Gregory Laufer** | Partner (Bio)
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3441 (Direct Phone) | +1 212 492 0441 (Direct Fax)
glaufer@paulweiss.com | www.paulweiss.com


**From:** Bouchard, Sarah E. [mailto:sarah.bouchard@morganlewis.com]
**Sent:** Wednesday, August 09, 2017 11:00 AM
**To:** Laufer, Gregory <glaufer@paulweiss.com>; Signoracci, Pietro J <psignoracci@paulweiss.com>; Herzog, Steven C <sherzog@paulweiss.com>; Filburn, Christopher L <cfilburn@paulweiss.com>
**Cc:** Banks, Michael L. <michael.banks@morganlewis.com>; Rosenblatt, Richard G. <richard.rosenblatt@morganlewis.com>; Brigham, Brandon J. <brandon.brigham@morganlewis.com>; Rosenblatt, Richard G. <richard.rosenblatt@morganlewis.com>; Garfield, Max <Max.Garfield@srz.com>; Richman, Ronald

1

<Ronald.Richman@srz.com>
**Subject:** RE: Discovery and Witness Exchange

Greg –

There is no need for hostility.  This is a simple request for our expert to see necessary materials.  That said, I can see that the word "including" in his client list could be viewed as incomplete.  We have verified that that list is in fact complete, and Mr. Golden has updated his biography accordingly (attached).  Therefore, you should have everything you need.   Please let us know if you continue to object to Mr. Golden having access to IBM's allegedly confidential documents.

We will notice Mr. Previn's deposition for August 22 and Mr. Cavanaugh for the morning of the 23rd, and Mr. Krishna for August 16.

Separately, Ron Richman will be writing to you about a serious concern we see in the document production relating to emails that were not produced from IBM between Jeff Smith and Ginni Rometty.

**Sarah E. Bouchard**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5077 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
sarah.bouchard@morganlewis.com | www.morganlewis.com
Assistant: Theresa M. Myers | +1.215.963.4917 | theresa.myers@morganlewis.com

---

**From:** Laufer, Gregory [mailto:glaufer@paulweiss.com]
**Sent:** Tuesday, August 08, 2017 5:51 PM
**To:** Bouchard, Sarah E.; Signoracci, Pietro J; Herzog, Steven C; Filburn, Christopher L
**Cc:** Banks, Michael L.; Rosenblatt, Richard G.; Brigham, Brandon J.; Rosenblatt, Richard G.; Garfield, Max
**Subject:** RE: Discovery and Witness Exchange

Sarah,

I will respond to the issues in your email in the order in which your email presents them.

First, the document you have provided concerning Mr. Golden is insufficient and inconsistent with Judge Davison's directive to you at yesterday's conference.  I won't reproduce the entire transcript here, but the Judge said on the record that you should provide us with a list of Mr. Davison's clients—all of them.  In response, Mr. Richman said, "Okay. We're happy to do it," and he said so twice.  The Judge then asked you whether you could provide that information by COB today, to which you said, "Yes.  There's no issue with that whatsoever."  It is now after COB, and we still do not have what you were directed to provide and promised to provide.  Instead, we first got an email from you, not a document from Mr. Golden, providing information subject to the limitations that Mr. Richman proposed and that the Judge rejected.  Then we got the document attached to the email below, but it provides even less pertinent information than your earlier email.  Please provide today a full and complete list of Mr. Davison's clients without limitation—from Mr. Golden himself.

Second, we will lock in Mr. Krishna's deposition date for August 16.  As for Mr. Kavanaugh, what I wrote to you yesterday was, "Mr. Kavanaugh will be available either August 22 or August 23; we will confirm tomorrow."  We can now confirm that Mr. Kavanaugh will be available the morning of August 23, which is exactly what you proposed in your 4:54 p.m. email to us yesterday.  So, you can notice the deposition for that date and time.  With respect to Mr. Previn, he can be available for a deposition on any of the four following dates:  August 19, August 20, August 22, and August 23.  Please let us know which of those dates you intend to take his deposition on.

Third, we agree to renew the parties' agreement to exchange witness lists by noon on Thursday, and will do so.

Best,

Greg


**Gregory Laufer** | Partner (Bio)
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3441 (Direct Phone) | +1 212 492 0441 (Direct Fax)
glaufer@paulweiss.com | www.paulweiss.com

---

**From:** Bouchard, Sarah E. [mailto:sarah.bouchard@morganlewis.com]
**Sent:** Tuesday, August 08, 2017 4:24 PM
**To:** Laufer, Gregory <glaufer@paulweiss.com>; Signoracci, Pietro J <psignoracci@paulweiss.com>; Herzog, Steven C <sherzog@paulweiss.com>; Filburn, Christopher L <cfilburn@paulweiss.com>
**Cc:** Banks, Michael L. <michael.banks@morganlewis.com>; Rosenblatt, Richard G. <richard.rosenblatt@morganlewis.com>; Brigham, Brandon J. <brandon.brigham@morganlewis.com>; Rosenblatt, Richard G. <richard.rosenblatt@morganlewis.com>; Garfield, Max <Max.Garfield@srz.com>
**Subject:** Discovery and Witness Exchange

Greg –

As a follow-up to our conversation today and subsequent email exchanges, we attach Bernard Golden's disclosures. Mr. Golden takes his confidentiality obligations seriously. Please let us know IBM's position on disclosing IBM's documents to Mr. Golden in connection with his services as an expert. We will need to raise this with the Court tomorrow, given the timing of our submissions on Monday.

We are available to take Mr. Krishna and Mr. Cavanaugh's depositions on August 16 and 22, respectively. We will send deposition notices tomorrow. We still have not received a date for Fletcher Previn's deposition. Please provide us with his availability so that we do not need to raise this issue again with the Court.

With respect to the witness identification and disclosure, we propose the following: By noon on Thursday, each side will identify witnesses it expects to call at the hearing, with the understanding that the list could change after reviewing the documents and respective Declarations. This assumes that the parties will exchange documents today.

**Sarah E. Bouchard**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5077 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
sarah.bouchard@morganlewis.com | www.morganlewis.com
Assistant: Theresa M. Myers | +1.215.963.4917 | theresa.myers@morganlewis.com


DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,

copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

# *Bernard Golden*

| E: bernard.golden@gmail.com | P: (650) 453-8151 | T: @bernardgolden |

*Biography:*
- Mr. Golden was named by Wired.com as one of the ten most influential persons in cloud computing.
- Mr. Golden is the Chief Executive Officer of Navica, a consulting firm focused on emerging technologies. Navica serves clients across the globe in the areas of blockchain, cloud computing, and technology adoption.
- Mr. Golden is also the founder of the Emerging Tech Academy, which offers online training in innovative technologies such as its *Blockchain and Beyond* course.
- Mr. Golden serves as the cloud computing advisor for Simplilearn, the leading online training certification, providing guidance on cloud computing adoption trends, training needs, and curriculum development, as well as serving as the public face of Simplilearn's cloud training offerings.
- Mr. Golden is the Chief Examiner for the APMG cloud computing foundation certification, used to certify students across the globe.
- Mr. Golden is the cloud computing advisor for CIO Magazine. His blog has been named to over a dozen "best of cloud computing" lists and is read by tens of thousands of persons each month. He is a highly regarded speaker and has keynoted cloud conferences around the world.

*Client Experience:*
- **September 2015 – Present**:
  - Mr. Golden has focused on external consulting work, speaking engagements, and providing thought leadership to clients: Warburg Pincus, Bospar, Google, Simplilearn, IEEE, and BrightTalk.
- **February 2012 – September 2015:**
  - Mr. Golden worked at Enstratius (acquired by Dell Inc.) and ActiveState.
  - Mr. Golden provided consulting services for O'Reilly Media, C-ISAM, and UOL Host.

*Publications:*
- BERNARD GOLDEN, AMAZON WEB SERVICES FOR DUMMIES (For Dummies, 1st ed. 2013).
- JARED CARSTENSEN, BERNARD GOLDEN, & JP MORGENTHAL, CLOUD COMPUTING: ASSESSING THE RISKS (IT Governance, 1st ed. 2011).
- BERNARD GOLDEN, ET AL., CREATING THE INFRASTRUCTURE FOR CLOUD COMPUTING (Intel Press 2010).
- BERNARD GOLDEN, VIRTUALIZATION FOR DUMMIES (For Dummies, 1st ed. 2007).
- BERNARD GOLDEN, SUCCEEDING WITH OPEN SOURCE (Addison-Wesley, 1st ed. 2004).
- Additionally, Mr. Golden has been an active contributor for the past decade to both CIO.com and bernardgolden.com

*Litigation and Fees:*
- Mr. Golden has not served as an expert witness at trial or by deposition for any other case.
- Mr. Golden is being paid $450.00 per hour for his services in conjunction with *International Business Machines Corporation v. Jeff S. Smith*, Case No. 17-cv-05808 (S.D.N.Y.) and will provide a complete statement of all opinions as well as the facts, data, and reasoning in forming such opinions, upon his review of the documents and evidence in this action.