# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>               Plaintiff,<br><br>     v.<br><br>JEFF S. SMITH,<br><br>               Defendants. | Civil Action No. 17-cv-05808-CS |

**DEFENDANT JEFF SMITH'S FIRST SET OF
<u>REQUESTS FOR EXPEDITED PRODUCTION OF DOCUMENTS</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Civil Rules for the United States District Court for the Southern District of New York, Defendant Jeff Smith ("Defendant" or "Mr. Smith") requests that Plaintiff International Business Machines Corporation ("Plaintiff" or "IBM") respond to the following Requests for Production ("Requests") fully, in writing, and serve its responses and responsive documents upon the undersigned counsel for Defendant at the offices of Morgan, Lewis & Bockius LLP, 1701 Market Street, Philadelphia, PA 19103-2921 or by email at sarah.bouchard@morganlewis.com, within five (5) days of the service of these Requests.

Each of the following Requests is continuing in nature. Accordingly, if subsequent to serving a response to any Request, or any part thereof, Plaintiff, or any other person acting on its behalf, obtains or becomes aware of additional documents responsive to such Request, Plaintiff is required, pursuant to Fed. R. Civ. P. 26(e), to provide supplemental documents. Such supplemental documents are to be served upon Defendant's undersigned counsel as soon as Plaintiff receives or becomes aware of such documents, but no later than one (1) week prior to

the date of the hearing on Plaintiff's Motion for Preliminary Injunction in this action.

These Requests should be read, interpreted and responded to in accordance with the definitions and instructions below and the Federal Rules of Civil Procedure.  Pursuant to Fed. R. Civ. P. 34(b), all documents shall be organized and labeled to correspond with the categories of documents requested below.

## DEFINITIONS

1. The terms "you," "your" and "Plaintiff" refer to Plaintiff International Business Machines Corporation and its agents, servants, representatives, relatives, present or former attorneys, or any other person acting on its behalf.

2. The term "Defendant" means Jeff S. Smith.

3. The term "Complaint" "this Lawsuit," or "this Action" refers to the operative Complaint in Civil Action No. 17-cv-05808-CS in the Southern District of New York with the case caption *International Business Machines Corporation v. Jeff S. Smith*.

4. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  The term "document" also includes: (a) the original and/or any non-identical copies, including those with any margin notes or comments, or showing additions, deletions, or substitutions; (b) drafts; (c) attachments to or enclosures with any document; and (d) every document referred to in any other document(s).

5. The terms "communication(s)" or "communicated" or "communication" mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) however produced or reproduced, whether by "document" as herein defined or orally or otherwise, between two or more persons, whether made in person, by telephone or by other means, and any and all

documents containing, concerning, consisting of, or relating or referring, in any way, either directly or indirectly, to a communication, including but not limited to documents, audio recordings, electronic or other computer-generated mail, telephone or face-to-face conversations, or meetings.

6. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7. The term "including" means "including without limitation."

8. The terms "relating to" or "concerning" mean any and all information relating to, regarding, pertaining to, constituting, discussing, referring to, evidencing, contradicting, reflecting, describing, embodying, concerning, mentioning, supporting, proving, showing, refuting, including, or in any way relevant to the underlying facts of the specified subject of the particular Request within the meaning of Fed. R. Civ. P. 26. By way of further explanation, these terms mean, without limitation, any reference or relationship which either: (1) provides information with respect to the subject inquiry; or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

9. The terms "all," "any" and "each" shall be construed as encompassing any and all.

10. The terms "and" and "or" shall be both conjunctive and disjunctive as necessary to bring within the scope of any Request all responses that might otherwise be construed as outside its scope.

11. Where the singular is used with reference to any person, document or item, it shall include the plural if, in fact, there are more than one, and vice versa. Similarly, where the pronouns he, she, his or her are used, they shall include both genders.

**INSTRUCTIONS**

12. In responding to these Requests, Plaintiff should furnish all documents which are available, including documents in the possession, custody or control of Plaintiff's attorneys, representatives, employees, agents or investigators, and not merely such documents held by Plaintiff. If Plaintiff is unaware of the existence of any documents responsive to a request, Plaintiff should expressly indicate so.

13. If you claim that a document, in whole or in part, that is responsive to any Request or part thereof is privileged or otherwise protected from discovery, you must identify such document by subject matter and state with particularity the nature and basis of your claim of privilege or other reason that the information is protected from discovery.

14. When a Request calls for documents or facts that relate to a claim or contention, produce documents that are inconsistent with as well as those that support such claim or contention.

15. If you object to any part of any Request, you must answer all parts of that Request to which you do not object, and state the specific bases for your objection to any part to which you do object, describe generally the document or information that is withheld and set forth the facts upon which you rely as the basis for each such objection.

16. In the event that you claim that a Request is overly broad or unduly burdensome, you should respond to that portion of the Request which is unobjectionable and specifically identify the manner in which the Request is allegedly overly broad or burdensome.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. All agreements, including but not limited to non-competition agreements, restrictive covenants, employment agreements, compensation agreements, offer letters, and/or equity agreements, that form the basis of the allegations in the Complaint.

2. All documents and communications that relate to or otherwise evidence any conversation or communication, from the date that Mr. Smith first informed you of his offer with Amazon Web Services ("AWS") to the present, that relate to Mr. Smith's offer with AWS, his potential or actual departure from IBM, or any obligation or purported obligation by Mr. Smith not to compete with IBM.

3. All communications, documents, presentations, or reports you allege contain confidential and/or proprietary IBM information that Mr. Smith had access to in his last year of work at IBM, including all documents regarding IBM's Next Generation Cloud and projects Genesis, Athena, and Armada.

4. All communications, documents, presentations, or reports you allege contain confidential and/or proprietary IBM information regarding IBM's Next Generation Cloud and projects Genesis, Athena, and Armada since Mr. Smith last received any information or attended any meetings about this topics.

5. All documents and communications you allege contain confidential and/or proprietary IBM information, and which, you allege Mr. Smith copied, downloaded or transferred to his personal electronic devices or took with him upon departing from IBM.

6. Documents sufficient to identify your policies, practices, and procedures concerning the use by IBM employees of personally owned electronic devices (e.g., smart-phone devices or tablets) for IBM business purposes, including but not limited to the receipt, storage and sending of IBM enterprise e-mail or personal e-mail and return of those devices following

5

separation from employment.

7. A copy of any reports regarding forensic analysis performed on Mr. Smith's laptop, cellphone, and tablet.

8. All documents, including articles or materials, that refer to, relate to, or regarding your allegation that IBM competes with AWS in the following areas: Global Marketplace, Developer Tools, and Global Support and Managed Services.

9. Documents sufficient to show the potential income IBM could earn or has earned on account of opportunities that Mr. Smith identified (including, but not limited to, work with the Cleveland Clinic).

10. All documents that relate to or otherwise evidence any conversation, communication, or involvement that Mr. Smith had relating to IBM's cloud business since August 1, 2016.

11. Documents sufficient to show any actual or proposed collaboration between IBM and AWS in which Mr. Smith was involved or that Mr. Smith proposed, including documents sufficient to show IBM's decision to pursue such collaboration(s).

12. Documents sufficient to show the IBM employee(s) who are assigned as the Partnership Executive Program leads to, and/or with primary responsibility for IBM's business relationships with, BNP Paribas, Citizen's Bank, FedEx, Ford, TD Bank and Time Warner.

13. All documents and communications that you allege demonstrate Mr. Smith's disloyalty to IBM and/or Detrimental Activity as defined in the Complaint.

14. Any other document you intend to rely upon at the upcoming hearing on your motion for preliminary injunction.

15. Any other document you have identified that refers to, relates to, or pertains to the

allegations in the Complaint.

Dated: August 2, 2017

By: /s/ Brandon J. Brigham

Ronald E. Richman
Max Garfield
Schulte Roth & Zabel
919 Third Avenue
New York, NY 10022

Sarah E. Bouchard
Brandon J. Brigham
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103
(215) 963-5000

*Attorneys for Defendant Jeff Smith*

7

## CERTIFICATE OF SERVICE

    I, Brandon J. Brigham, hereby certify that on August 2, 2017, a true and correct copy of the foregoing Defendant's First Requests for Product was served via e-mail and FedEx upon the following:

> Robert A. Atkins
> Pietro J. Signoracci
> Kristen-Elise Brooks
> Paul, Weiss, Rifkind, Wharton & Garrison LLP
> 1285 Avenue of the Americas
> New York, NY 10019
>
> *Attorney for Plaintiff IBM*

                         */s/ Brandon J. Brigham*
                         Brandon J. Brigham