UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTERNATIONAL BUSINESS
MACHINES CORPORATION,

               Plaintiff,

   v.

JEFF S. SMITH,

               Defendant.

17 Civ. 5808(CS)(PED)

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE TEMPORARY RESTRAINING ORDER

Robert A. Atkins
Lorin L. Reisner
Gregory F. Laufer
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
*Attorneys for Plaintiff International Business Machines Corporation*
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS .................................................................................................... 2

      A.    Smith Has Admitted Under Oath That ███████████████
████████████████████████████████████████ .................... 2

      B.    Smith Has Admitted Under Oath That ███████████
██████████████████████████████ .................................................. 5

      C.    The IBM Policies On Which Smith's Motion Is Premised Do Not Apply to or Justify His Conduct ............................................................... 6

ARGUMENT ......................................................................................................................... 7

      A.    The Doctrine of Unclean Hands Does Not Apply Given Smith's Sworn Admissions That IBM's Statements Were In Fact True ................. 7

CONCLUSION ................................................................................................................... 10

Plaintiff International Business Machines Corporation ("IBM") respectfully submits this memorandum of law in opposition to Defendant Jeff Smith's motion to vacate the temporary restraining order and deny IBM's request for a preliminary injunction or, in the alternative, to preclude IBM from presenting evidence at the preliminary injunction hearing, and in response to Smith's supplemental proposed findings of fact.

**PRELIMINARY STATEMENT**

Smith's motion is a transparent and misguided attempt to pursue a public relations strategy and to distract the Court from the indisputable record of Smith's own disloyalty and dishonesty, both to IBM and to his prospective employer Amazon Web Services ("AWS"). In any event, the "basis" for Smith's motion has been completely undermined ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—the day *after* he filed his motion. During his deposition, Smith readily admitted both that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓, and that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Smith's motion should be summarily denied.

*First*, the entire premise of the motion—that IBM somehow misled the Court—is flatly contradicted by Smith's deposition testimony, during which he confirmed that ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Moreover, Smith has now submitted a sworn declaration acknowledging ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ That is precisely what IBM has consistently represented to the Court in good faith, and Smith himself has now endorsed every word of what IBM has said.

*Second*, Smith's insistence that IBM wrongly accused Smith of improper conduct is utterly baseless. Smith has conceded in sworn testimony that, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

██████ Smith also has now admitted that ██████ ██████ Put another way, Smith engaged in deliberate—and now conceded—misconduct, and IBM was correct to say so.

*Finally*, Smith's reliance on a supposed IBM "policy" is no more than an attempt to manufacture a *post hoc* justification for his misconduct. For one, that document does not mention iPhones at all, and therefore cannot be used to defend Smith's wiping of his iPhone (including ██████ ██████). Moreover, the document was issued by IBM's help-desk to provide guidance on the steps employees should take in the normal course to return devices to the company's U.S. Returns Center, but it does not, and cannot, override Smith's legal obligation to preserve potentially relevant documents when, ██████ ██████.

## STATEMENT OF FACTS

**A.     Smith Has Admitted Under Oath That ██████ ██████**

Defendant Jeff Smith was the Chief Information Officer and a senior executive at IBM from August 2014 through his departure in May 2017. (Declaration of Gregory F. Laufer ("Laufer Decl.") Ex. A ("Smith Tr."), at 15:9–18.) As part of his employment at IBM, ██████ ██████, Smith executed a noncompetition agreement with IBM. (*Id.* 22:5–24:17.) In that agreement, Smith agreed that, for a period of one year following the termination of his employment from IBM, he would not engage in or associate with any business if performing the duties or responsibilities of such engagement or association could result in the intentional or unintentional use or disclosure of

IBM confidential information to which he was exposed in his IBM employment. (Complaint, Aug. 1, 2017, ECF No. 1, ¶ 40.)

Notwithstanding his noncompetition agreement, and unbeknownst to IBM, ███████ ████████████████████████████████████████████████████████████ ████████████████████████████████. (*Id.* 192:25–93:15.) Smith ████████████ ████████████████████████████████. (*Id.* 218:23–19:7.) Smith ████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████. (*Id.* 220:10–21:4.)

Smith informed IBM of his intention to leave on March 28, 2017, at which time he was told ████████████████████████████████████████████. (*Id.* 227:11–21.) Smith then relayed this message to AWS, explaining that ████████████████ ████████████████████████. (*Id.*) Smith testified that, in March 2017, he ████████ ████████████████████████████. (*Id.* 227:22–25.) A month later, Smith wrote a message to the Chairman, President and Chief Executive Officer of IBM, acknowledging that ████████████████████████████████████████████. (*Id.* 228:12–24.) Smith has now testified that, at this time in April 2017, he ████████████████ ████████████████████████████. (*Id.*) Smith thus ████████ ████████████████████████████████████ as confirmed by the following testimony from his deposition yesterday:



3



(*Id.* 228:25–29:19.) This was more than a month before Smith's resignation from IBM.

On May 2, 2017, Smith formally resigned from IBM. (*Id.* 32:19–22.) At or around that time, Smith was ▮▮▮▮▮ (*Id.* 230:4–7; *id.* 234:17–20; *id.* 288:6–9.) He has testified that he ▮▮▮▮▮ (*Id.* 288:10–12.)

Before returning his IBM-issued devices to the IBM legal department, Smith, in his own words, ▮▮▮▮▮ (*Id.* 231:22–32:5; *see also id.* 234:25–35:5 ▮▮▮▮▮

Smith did not ▮▮▮▮▮ (*Id.* 235:6–9.) He did, however, know that ▮▮▮▮▮ (*Id.* 232:6–16.)

Smith's decision to reset his IBM-issued devices prevented IBM from examining the devices to determine whether they contained any confidential information or whether Smith had sent such information to AWS or others in contravention of IBM's policies. Smith himself has now ▮▮▮▮▮ (*Id.* 231:22–32:5; *id.* 239:25–40:4 *see also id.* 234:25–35:5 (▮▮▮▮▮)

4

B.   **Smith Has Admitted Under Oath That** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

In the course of these proceedings, IBM has addressed Smith's wiping of, and deletion of the contents from, his IBM-issued devices. Smith's motion identifies four statements made by IBM that, before yesterday, he contended were false but that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The chart below sets forth the IBM statements identified by Smith in his motion and his deposition testimony affirming the accuracy of each such statement:

| Statements in Smith's Supplemental Findings of Fact | Smith's Sworn Testimony Concerning the Statements |
|---|---|
| "Confirming that he cannot be trusted to protect and preserve IBM's trade secrets, **Smith wiped his company-issued phone and tablet**, making it impossible for IBM to detect other communications with Jassy or to determine if he transferred any other IBM information." (Supp. FF ¶ 2.) | ▮▮▮▮▮▮▮▮▮▮ (Smith Tr. 240:23–41:4.) |
| "**When he resigned in May and turned over the devices, they had been wiped clean . . . .**" (Supp. FF ¶ 3.) | ▮▮▮▮▮▮▮▮▮▮ (Smith Tr. 241:21–24.) |
| "He was an iPad and iPhone user. **He did not turn in the iPad or the iPhone until May.** So those – neither of those devices, which, which he used prolifically were reviewed prior to the time he left and prior to the time they were wiped." (Supp. FF ¶ 3.) | ▮▮▮▮▮▮▮▮▮▮ (Smith Tr. 241:25–42:4.) |
| "**At the time of his resignation, IBM asked Smith to turn in the phone and tablet devices that IBM had provided to him. Before doing so, Smith reset the devices** so that they were wiped of all data. By wiping these devices, Smith ensured that IBM could not determine whether Smith had used these devices to download or transfer any confidential information, or analyze the extent to which Smith had communicated with AWS." (Supp. FF ¶ 10.) | ▮▮▮▮▮▮▮▮▮▮ (Smith Tr. 242:19–25.) |

5

The remaining portions of these four statements are, in effect, that Smith, by wiping the devices, deleted the contents of those devices. At his deposition, Smith ▓▓▓▓▓▓▓▓▓▓ *Supra*. Finally, IBM also represented that it did not have an opportunity to review Smith's devices between March and May, 2017, when Smith reset and returned them. Smith testified to the ▓▓▓▓▓▓▓▓▓▓, as well. (*Id*. 234:11–35:5.)

### C. The IBM Policies On Which Smith's Motion Is Premised Do Not Apply to or Justify His Conduct

In response to requests by Smith, IBM produced its Business Conduct Guidelines, or "BCGs," in this action as part of its first production of documents on August 8, 2017. (Laufer Decl. ¶ 3.) The BCGs, as they are known at IBM, ▓▓▓▓▓▓▓▓▓▓ (*Id*. Ex. B, at 13167.) The BCGs provide, in relevant part, that ▓▓▓▓▓▓▓▓▓▓ (*Id*. at 13176.) Further, they notify employees, including Smith, that ▓▓▓▓▓▓▓▓▓▓ (*Id*.) And, they make clear that if an employee, including Smith, uses IBM-provided devices, ▓▓▓▓▓▓▓▓▓▓ (*Id*.)

In response to subsequent requests for documents, IBM also produced three help-desk guides: guidance concerning returns of iPads, guidance concerning updates for mobile devices, and guidance concerning returning devices. Neither the mobile device upgrade guidance, nor the returning devices guidance, instruct IBM employees to delete or wipe devices. (*See id*. Exs. C & D.) ▓▓▓▓▓▓▓▓▓▓. (*See id*. Ex. B.)

6

The iPad help-desk guidance describes the process for an employee who is returning an iPad to the IBM U.S. Returns Center in the normal course. As Smith has now testified, that guidance was adopted ███████████████████████████████████████████████ ███████████████████████████████████ (Declaration of Jeff P. Smith, Aug. 13, 2017, ¶ 69.) In other words, ███████████████████████████████████████ █████████████████████ At his deposition, Smith admitted that ██████████████ █████████████████████████ (Smith Tr. 237:22–25), that ███████████████ ████████████████████████████ (*id*. 238:4–7), that ████████████████████████ █████████████ (*id*. 238:8–13), and that ████████████████████████████████ ████████████████ (*id.* at 239:3–6). As noted above, the guidance applies to the return of iPads by IBM employees by mail to IBM's U.S. Returns Center; Smith, however, testified that ████████████████████████████████████████████████████████████████████████ ██████ (*Id*. 238:22–39:6.)

## ARGUMENT

### A. The Doctrine of Unclean Hands Does Not Apply Given Smith's Sworn Admissions That IBM's Statements Were In Fact True

Smith's motion is premised entirely on the unsupportable contention that IBM has misled the Court, and invokes the doctrine of unclean hands. As claimed support, Smith cites a handful cases for the unremarkable propositions that "[c]ourts routinely deny requests for preliminary injunctions where the party seeking the injunction has unclean hands," and that "[c]ourts have sanctioned parties for making such misrepresentations to the Court." (Def.'s Mot. 6–7.) But the factual predicate for Smith's motion not only does not exist, it now has been directly upended by Smith himself in sworn deposition testimony in which he confirmed ███████████████

7

▌ *Supra*. The doctrine of unclean hands does not apply in these circumstances.[1] As such, Smith's motion should be denied.

Moreover, IBM help-desk guidance on which Smith has relied in no way justifies his misconduct or supports the position taken in his motion. For one, IBM never argued that Smith acted improperly *because* he violated a policy—and Smith does not (and cannot) cite a single statement by IBM to suggest otherwise.

Moreover, Smith *did* in fact violate IBM policy as set forth in IBM's BCGs. As he has now admitted under oath, ▌ ▌ *Supra*. Smith's misconduct precluded IBM from inspecting Smith's devices. (Laufer Decl. Ex. B, at 13176.) And, with respect to Smith's iPhone in particular, there is no guidance or other help-desk protocol that instructs an employee to delete or wipe IBM-provided devices before they are returned. *Supra*. Accordingly, any purported justification Smith is seeking in IBM's policies for the wiping of his iPhone does not exist.

In any event, and more fundamentally, IBM's position is that Smith acted improperly because he wiped the devices *after he expected litigation*—not because of any IBM "policy." The undisputed evidence ▌: Smith has admitted that ▌

---

[1] Smith also cites two cases for the proposition that "[c]ourts have applied the doctrine of unclean hands in denying employer's requests for preliminary injunctions in cases, such as this, where the employer is seeking to enforce a noncompetition agreement." (Def.'s Mot. 7.) Neither of those cases—*Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Callahan*, 265 F. Supp. 2d 440 (D. Vt. 2003), and *Salomon Smith Barney, Inc.* v. *Vockel*, 137 F. Supp. 2d 599 (E.D. Pa. 2000)—has any relevance here. Those cases denied injunctive relief on unclean hands grounds to financial firms suing former employees who had solicited clients after resigning because the firms had endorsed or participated in the solicitation of other firms' clients. Those circumstances are not remotely present in this case.

8

▮▮▮ *Supra*. Given these circumstances, Smith's own misconduct bars him from invoking the unclean hands doctrine. *See CBF Industria de Gusa* v. *AMCI Holdings, Inc.*, 850 F.3d 58, 78 (2d Cir. 2017) (explaining that the unclean hands doctrine "is that the equitable powers of this court can never be exerted on behalf of one who has acted fraudulently, or who by deceit or any unfair means has gained an advantage." (quotations omitted)).

Finally, even if the IBM help-desk guidance had any relevance here—and it does not for the reasons described above—it would not do Smith any good. For one, that guidance does not, and cannot, override instructions from the IBM legal department or Smith's legal obligation to preserve documents. *Supra*. Smith does not disagree; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Smith Tr. 239:3–6.)

## CONCLUSION

Smith's motion should be denied.

Dated: New York, New York
August 18, 2017

                              Respectfully submitted,

                              PAUL, WEISS, RIFKIND, WHARTON &
                                GARRISON LLP

                          By: */s/ Robert A. Atkins*
                                Robert A. Atkins
                                Lorin L. Reisner
                                Gregory F. Laufer

                                1285 Avenue of the Americas
                                New York, New York 10019-6064
                                (212) 373-3000
                                ratkins@paulweiss.com
                                lreisner@paulweiss.com
                                glaufer@paulweiss.com

                                *Attorneys for Plaintiff*
                                *International Business Machines Corporation*